IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH SARGEANT CAVANAUGH | * | |
| v. | * | Civil No. CCB-18-3177 |
| MEDTRONIC, PLC, *et al.* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM

This product liability case initially was filed on or about August 21, 2018 in the Circuit Court for Howard County, Maryland, and was removed by the defendants to this court on October 12, 2018. Now pending is a motion to dismiss filed by defendant Covidien Holding, Inc.[1] The motion (ECF No. 6) has been briefed fully and no oral argument is necessary. For the reasons that follow, the motion will be granted, but the plaintiff will be given leave to amend if he can do so consistent with this opinion.

According to the complaint, on August 28, 2015, the plaintiff Keith Cavanaugh underwent a surgical procedure at Howard County General Hospital intended to repair his paracolostomy hernia. Surgery was performed by Dr. Habib A. Bhutta, who used a Covidien Stapler CEEA – Item # EEA3 single-use disposable surgical staple gun and staples to reconnect Mr. Cavanaugh's colon to his rectum. According to the complaint: "During the course of the procedure, the staple gun and/or staples misfired, failing to connect the ends of the colon together as intended. Rather the staple gun created a hole in the rectum without any staples in that area." Cplt ¶17. As a result, Mr. Cavanaugh was forced to undergo more extensive surgery and has suffered permanent injuries.

Unsupported by any other specific factual allegations, the complaint asserts claims for (1) negligence; (2) strict liability – defective and unreasonably dangerous product; (3) breach of warranty of merchantability; (4) breach of warranty of fitness for particular purpose; (5) defective design; (6)

---

[1] The plaintiff dismissed his claims against Covidien LLC, Medtronic, Inc., Medtronic PLC, and Covidien Ireland Limited on November 9, 2018 (ECF No. 12). The status of the other defendants is not clear.

defective manufacture; (7) failure to warn; and (8) negligence – *"res ipsa"* against all defendants. But the complaint does nothing more than recite the elements of these claims without factual explanation. The assertion that on this particular occasion the "gun and/or the staples misfired" does not explain how the product was defective, what manufacturing specifications it failed to meet, what warnings should have been given to the doctor, or how Covidien was negligent.

While the alleged fact that the gun "misfired," taken as true, is "consistent" with the "possibility" that there was a defect of some kind in the staple gun or the staples, standing alone that fact does not raise the plaintiff's claims to a "plausible" assertion of a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). And reciting the elements of a claim as if they were facts is not sufficient. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015).

In his opposition to this motion the plaintiff requests, in the alternative, that he be allowed to amend the complaint. He will be allowed to do so, but is advised that he will need to assert more specific facts as to each cause of action than are presently alleged. A separate Order follows.

9/25/19
Date

*CCB*
Catherine C. Blake
United States District Judge

2